Rollie Mason DOTSON, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 1111.

United States District Court
W. D. Kentucky,
at Paducah.

March 1, 1961.

C. B. Cox, Benton, Ky., for plaintiff.

William B. Jones, U. S. Atty., for Western District of Kentucky, Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

The complaint in this action seeks a judicial review of a decision of the Bureau of Old Age and Survivors of the Social Security Administration pursuant to Section 405(g) of Title 42, United States Code Annotated, which authorizes the Court to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision with or without remanding the cause for a rehearing. But, it is provided that the findings of the Secretary if supported by substantial evidence shall be conclusive. The plaintiff and the defendant have each filed a motion for summary judgment.

The plaintiff, Rollie Mason Dotson, sought to obtain disability insurance benefits by an application filed December 12, 1957, and to establish a period of disability by an application filed March 27, 1958. On August 14, 1958, the Bureau notified him that his applications were denied and he requested a reconsideration, which was refused. Subsequently, he requested a hearing before a referee, which was granted. Plaintiff submitted additional medical evidence and requested that a decision be made without his further personal appearance. The referee considered the case and, in an exhaustive memorandum dated July 10, 1959, carefully reviewed all of the evidence and held that there was not sufficient evidence to establish plaintiff's claimed disability. Plaintiff requested a further review by the Appeals Council of the Social Security Administration, which was refused.

The question before this Court is whether the findings of the referee that the applicant, Rollie Mason Dotson, was not entitled to the establishment of a period of disability or to disability insurance benefits are supported by substantial evidence.

The burden of proof is upon the plaintiff to establish that he was entitled to a period of disability under Section 216(i) and disability insurance benefits under Section 223 of the Social Security Act, now Sections 416(i) and 423, respectively of Title 42, United States Code Annotated. He claimed that his disability, resulting from a sore back, constipation, and arthritis, began December 15, 1956. In his application filed March 27, 1958, he claimed that he was prevented from working by arthritis and a sore back. The medical evidence is furnished by Dr. Arnold Haber, Jr., Dr. Hugh L. Houston, Dr. George C. McClain, the Washington University Clinic, and the Vanderbilt University Hospital.

Dr. McClain saw the plaintiff in December, 1956, when he was complaining of low back pain, constipation, hemorrhoids, postnasal drip, abdominal pain, and frequent and painful urination. His trouble was diagnosed as chronic sinusitis, rectal polyps, benign prostatic hypertrophy, hemorrhoids, and arthritis of the lumbar and sacral spine. Dr. McClain diagnosed the plaintiff as permanently and totally disabled.

In February, 1957, plaintiff was admitted to the Vanderbilt University Hospital. The rectal polyp removed by surgery was found not to be malignant and he was discharged March 2, 1957.

In November, 1957, plaintiff was given a complete physical examination at the Washington University Clinic and he was discharged in the latter part of December without a finding of any disability.

Dr. Hugh L. Houston of Murray, Kentucky, treated plaintiff from April 8, 1957 to October 29, 1957. His statement is that he thought plaintiff was suffering from mucous colitis and anxiety neurosis and he did not feel that plaintiff's back pain was of major consequence.

In January, 1958, plaintiff was operated on for a mucous resection by Dr. Harry Abel of Paducah, Kentucky. His subsequent complaints of back pain and rectal trouble caused Dr. McClain to send him back to Vanderbilt University Hospital in April, 1958. Dr. McSwain, the surgeon who removed the rectal polyp in February, 1957, examined plaintiff and pronounced his colon condition improved or well. Dr. McSwain then referred him to Dr. Arnold Haber, Jr., an orthopedic surgeon for examination of his back.

Dr. Haber reported no significant objective findings and that the X-ray findings are essentially normal. His diagnosis of plaintiff's trouble was "Back pain, severe. Cause unknown." In his report as to plaintiff's disability, Dr. Haber said, "Most of the patient's difficulties are subjective and no cause for symptoms of such severity as he complains have been recognized."

As argued by the defendant, the scope of review in this Court is limited and the question to be determined is whether the referee's conclusion is supported by substantial evidence in the record as a whole. This Court cannot say that the referee erred in accepting the testimony of some of the doctors who examined and treated plaintiff for his alleged infirmities.

It Is Therefore Ordered that the findings of the referee be affirmed, the defendant's motion for summary judgment be sustained, the plaintiff's motion for summary judgment be overruled, and the complaint be and same hereby is dismissed.